OPINION
As part of a plea bargain, Gordon C. Rourke, Jr. pled guilty to gross sexual imposition and two counts of failing to file a change of address. He was sentenced to sixteen months for gross sexual imposition and ten months each on the two counts of failing to file a change of address, a total of thirty-six months. The sentencing took place at a disposition hearing on December 8, 2000, in the Common Pleas Court of Greene County. As part of the same hearing, after testimony by a clinical psychologist, the court found Rourke to be a sexual predator.
Rourke, through counsel, presents the following three assignments of error:
 1. THE SENTENCING OF DEFENDANT WAS IMPROPER BECAUSE THE COURT IS REQUIRED TO GIVE REASONS FOR THE SENTENCE WHEN IT HAS HANDED DOWN CONSECUTIVE SENTENCES OR A COMBINATION OF SENTENCES EQUAL TO THE MAXIMUM FOR THE MOST SERIOUS OFFENSES.
 2. THE COURT DENIED APPELLANT DUE PROCESS OF LAW AND EQUAL PROTECTION WHEN IT DENIED HIS MOTION FOR EXPERT ASSISTANCE.
 3. APPELLANT'S [sic] WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHEN THE FIRST TRIAL ATTORNEY FAILED TO FILE A MOTION FOR EXPERT ASSISTANCT [sic] PRIOR TO THE HEARING.
In addition, counsel for Rourke purports to present an Anders argument on an issue that his client apparently wishes to present to the court, namely that the judgment that Rourke is a sexual predator is against the manifest weight of the evidence. We will review the assignments in the order that facilitates our analysis of the appeal, beginning with the purported Anders issue.
We have already dealt with an appeal where the counsel for the appellant presents assignments of error and includes in one of them an Anders argument. State v. Padgett (June 30, 2000), Greene App. No. 99 CA 87. We stated in Padgett:
 In his brief to this court, Padgett asserts two "arguments" that we will construe as assignments of error. See App.R. 16(A)(3). Oddly, his first such error is advanced by his counsel in the form of an Anders argument. See Anders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, Anders briefs (not arguments), however, are appropriate when appellate counsel has conscientiously concluded that there are no issues to be raised that merit consideration by the appellate court. Id. If appellate counsel determines there are any issues warranting appellate review, even if there is only one, discussion of non-meritorious issues is neither appropriate nor desirable. Were it otherwise, this court would be required to provide appellants with an opportunity to present their own pro se briefs addressing issues already determined by their appellate counsels to be devoid of merit. While this is a proper procedure in situations where counsel has decided that any appeal would be frivolous, it is not where the appellant's attorney has found an issue or issues worthy of review. For these reasons, we decline Padgett's counsel's invitation to review what he essentially advances as (non-) error.
For the reasons set forth in Padgett, we decline to review the issue raised by Rourke's counsel in the form of an Anders presentation.
In his third assignment of error, Rourke argues that he was denied effective assistance of counsel when his first trial attorney "failed to file a motion for expert assistanct [sic] prior to the hearing." Experts in sexual predator matters can be appointed to conduct a clinical evaluation of a defendant to assist the court, not the defendant, in making the required finding. As a matter of fact, trial counsel did move the court before the hearing for an appointment of a "psychologist to conduct an evaluation of Defendant to assist the Court determining whether or not defendant should be adjudicated a sexual predator under R.C. 2950.01, et seq." Record 152. This motion was filed on September 20, 2000, long before the hearing on December 8, 2000. The court granted the motion, and two days later appointed David Roush to examine Rourke, which he did and testified at the hearing as to the results of his examination. Defense counsel stipulated that Dr. Roush was an expert in the matter and did not object to any or all parts of his testimony. (Tr. 11). Dr. Roush testified that he spent ten hours with Rourke (Tr. 13), and that Rourke met seven of the ten criteria usually evaluated for sexual predator status. (Tr. 18). On cross-examination, defense counsel was successful in whittling the number down to five instead of seven. After the state rested, defense trial counsel moved for a second psychological examination, apparently because he was unhappy with the results of Dr. Roush's examination. (Tr. 26). It is also clear from the record that defendant's counsel knew about Dr. Roush prior to the hearing, and he was not a surprise witness.
Trial counsel is certainly not ineffective because he did the proper thing by filing a request for a clinical evaluation by an expert prior to the hearing, nor was the trial court in error not appointing a second clinical psychologist expert after Dr. Roush had already testified. The trial court has already exercised its discretion in appointing an expert to evaluate Rourke, and it is not an abuse of its discretion to refuse to appoint a second expert. Thus, both the second and third assignments of error are overruled.
As for the first assignment of error, the State essentially admits the trial court erred in not giving its reasons for imposing consecutive sentences and for imposing a prison term of multiple sentences arising out of a single incident which in the aggregate exceeds the maximum sentence that could have been imposed for the offense of the highest degree of which the defendant was convicted. R.C. 2929.19(B)(2). Here, the trial court made the required findings under the law but nowhere stated its reasons, as it is required to do. State v. Edmonson (1999),86 Ohio St.3d 324. This court had a similar situation in State v. Agbesua (Jan. 5, 2000), Greene App. No. 2000 CA 23, unreported, where we reversed and remanded for sentencing. Likewise, here we sustain the appellate's first assignment of error and reverse and remand for re-sentencing.
WOLFF, P.J. and FAIN, J., concur.